IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. DANIAL R. WILLCUTT

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8023     C. Creed McGinley, Judge**

---

**No. W2001-02743-CCA-R3-CD  - Filed November 22, 2002**

---

A Hardin County jury convicted the defendant, Danial R. Willcutt,[1] of aggravated sexual battery, a Class B felony.  The defendant was sentenced as a Range I violent offender to twelve years in the Department of Correction.  In this appeal as of right, the defendant raises the following issues: (1) whether the evidence was sufficient to support his conviction for aggravated sexual battery; and (2) whether his maximum Range I sentence is excessive.  Upon review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., joined.  JOE G. RILEY, J., filed a concurring opinion.


Guy T. Wilkinson, District Public Defender; and Richard Warren DeBerry, Assistant District Public Defender, for the appellant, Danial R. Willcutt.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]The defendant's name is spelled as it appears on the indictment.  On some documents, his name appears as "Daniel" R. Willcutt.  Our policy is to use the name as it appears on the indictment.

**OPINION**

The male victim in this case is M.B.,[2] who was ten years old at the time of trial. At trial, M.B. testified to three specific instances of sexual misconduct committed by the defendant between May 1999 and October 2000. During this time period, M.B., a friend of the defendant's stepson, often visited the defendant's home. On one occasion, while in the living room, the defendant forced M.B.'s head between the legs of Rebecca Willcutt, the defendant's wife. Mrs. Willcutt, a rather large woman according to the witnesses, was sitting on the couch wearing shorts and a t-shirt.

M.B. testified the defendant forced his head toward Mrs. Willcutt "about right there" (indicating), and then his head went "in the middle." M.B. said his forehead was touching her body (indicating). Even though the record reflects M.B. demonstrated on several occasions where he touched Mrs. Willcutt, the record unfortunately does not reflect the specific area or areas which M.B. identified. However, M.B. also testified his head went under her stomach. While holding M.B.'s head down, the defendant said, "Look at that goochie."

The second incident also occurred in the living room. The defendant once again forced M.B.'s head between the legs of Mrs. Willcutt, who was sitting on the couch wearing clothing. M.B. testified his head touched Mrs. Willcutt in "about the same place as last time." While holding M.B.'s head, the defendant told him to "smell it." The defendant also said, "You see that," and referred to the area as her "goochie."

The final incident occurred in the defendant's bedroom where Mrs. Willcutt was lying on the bed. The defendant once again attempted to force M.B.'s head between Mrs. Willcutt's legs. However, the defendant's hand slipped, and M.B. escaped.

Rebecca Willcutt, who had earlier pled guilty to the lesser charge of attempted aggravated sexual battery, testified that each offense lasted for five to ten minutes. She said she told the defendant to stop during each occurrence, but he said that he was "just playing."

The defendant was charged with one count of aggravated sexual battery for the time period between May 1, 1999, and October 1, 2000. At the conclusion of the proof, the prosecution elected the second incident which occurred in the living room. The jury found the defendant guilty of aggravated sexual battery. He received the maximum sentence of twelve years as a Range I violent offender. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

The defendant contends the evidence is insufficient to support a conviction for aggravated sexual battery. We disagree.

---

[2] It is this court's policy to use initials rather than the full names of minor victims of sexual abuse.

When evidentiary sufficiency is questioned, our standard of review is, after considering all the evidence in the light most favorable to the state, whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *See* Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Lewis, 36 S.W.3d 88, 93 (Tenn. Crim. App. 2000) (citations omitted).

In determining the sufficiency of the evidence, this court shall neither reweigh or reevaluate the evidence, State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990), nor shall this court substitute its inferences for those drawn by the trier of fact. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999). Questions concerning the credibility of the witnesses, the weight and value of the evidence, and all factual issues raised by the evidence are resolved by the trier of fact. *Id.* This court must afford the state the strongest legitimate view of the evidence and all reasonable inferences drawn from it. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). The defendant, once convicted, is presumed guilty and bears the burden of proving the evidence was insufficient. *Id.*

Aggravated sexual battery is "unlawful sexual contact" between a defendant and a victim, who is less than thirteen years old. Tenn. Code Ann. § 39-13-504(a)(4). "Sexual contact" is defined as:

> the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

Tenn. Code Ann. § 39-13-501(6). The "intimate parts" include "the primary genital area, groin, inner thigh, buttock or breast of a human being." *Id*. at (2).

During the trial, the prosecution asked M.B. to indicate the areas where he was forced to touch Rebecca Willcutt. Even though the record reflects M.B. accommodated the prosecution's request, the record, which is the sole source for our review, does not reveal the specific areas that M.B. indicated.

It is the duty of the defendant to prepare a record which conveys a fair, accurate, and complete account of what transpires in the trial court, with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24; State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). This principle is equally applicable to evidence which is presented to the trial court or jury but is not made a part of the record as in the case of unrecorded testimony. *See* JOHN W. STRONG ET AL., MCCORMICK ON EVIDENCE § 212 (5th ed. 1999) (citing Tuttle v. Miami Dolphins, Ltd., 551 So.2d 477, 483 (Fla. Dist. Ct. App. 1988) (on rehearing)) (providing thorough analysis of burden of proof on appeal with regard to demonstrative evidence). The fact that the issue on appeal is that of a challenge to the sufficiency of the evidence does not mean that Rule 24, Tennessee Rules Appellate

Procedure, is suspended and that the record need not convey a complete account of what transpired at the trial level with regard to legal sufficiency.

The dilemma confronting us in this case is whether a rational trier of fact could have found proof of the essential element of sexual contact beyond a reasonable doubt. We are unable to make this determination because the record fails to convey a "fair, accurate and complete account of what transpire[d] in the trial court" with respect to this issue. Tenn. R. App. P. 24. The error claimed must be shown in the record and, because the record is incomplete with regard to the alleged error, a reviewing court may not presume that error occurred. Indeed, our law is to the opposite. In the absence of an adequate record on appeal, the appellate court must presume that the trial court's ruling [in this case the jury's verdict] was supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We find Judge Riley's suggested procedure for the memorialization of unrecorded testimony as set forth in his concurring opinion helpful. Thus, in this case, had the victim in fact "indicated" or pointed to an area other than that defined as an "intimate part," it was incumbent on the defendant if he wished to preserve that issue on appeal to take available action to nullify the affect of the misidentification. *See* Tenn. R. App. P. 36(b).

A verdict against the Defendant removes the presumption of innocence and raises a presumption of guilt on appeal, which the Defendant has the burden of overcoming. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citations omitted). We conclude the defendant has not met this burden. Accordingly, the evidence is sufficient to support the verdict.

**SENTENCING**

Finally, the defendant contends the maximum twelve-year Range I sentence imposed by the trial court is excessive. The defendant argues the trial court improperly considered the enhancement factor that the defendant was a leader in the commission of a crime. *See* Tenn. Code Ann. § 40-35-114(2). The defendant also argues that the trial court improperly weighed this enhancement factor and the mitigating factor that there was no threat of serious bodily injury in imposing the maximum sentence. *See* Tenn. Code Ann. § 40-35-113(1). We disagree.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act

and its findings are supported by the record. <u>State v. Zonge</u>, 973 S.W.2d 250, 259 (Tenn. Crim. App. 1997). The statutes prescribe no particular weight for an enhancement or mitigating factor. <u>State v. Gosnell</u>, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001).

The trial court found as an enhancement factor that the defendant was a leader in the commission of a crime involving two or more criminal actors. Tenn. Code Ann. § 40-35-114(2). In this case, the commission of the crime involved two criminal actors, the defendant and his wife. The statute does not require that the defendant be "the leader" in the commission of the offense, merely a leader. <u>State v. Robinson</u>, 971 S.W.2d 30, 47 (Tenn. Crim. App. 1997). We conclude the facts reveal the defendant was not only a leader, but was the leader in the commission of this offense. This issue lacks merit.

During the sentencing hearing, the trial court properly determined the defendant was a Range I offender and was subject to a sentencing range of eight to twelve years. *See* Tenn. Code Ann. § 40-35-112(a)(2). Applying the enhancement and mitigating factors, the trial court sentenced the defendant to twelve years. The trial court gave great weight to the enhancement factor and little weight to the mitigating factor. The trial court properly considered the sentencing principles, and its findings are adequately supported by the record. We will not disturb the sentence set by the trial court.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE